show that the writ on which his principal was arrested did not authorize the arrest; (2) that if the writ did not authorize the arrest his recognizance was void." The following authorities are also apropos to the question: *Supe* v. *Francis*, 49 Mich. 266; *Whitefield* v. *Longfellow*, 13 Me. 146; *Everett* v. *Henderson*, 146 Mass. 89, 4 Am. St. 284. "The appearance and giving bail, or answering to the merits, has been held to be no waiver of jurisdictional defects in the writ or order of arrest." 2 Standard Enc. Procedure 977. *Leigh* v. *Alpaugh*, 24 N. J. L. 629. In *Eddings* v. *Boner*, 38 S. W. 1110, the court of appeals of Indian Territory held, that the defendant, in replevin, by answering and giving bail does not waive the error in an order of arrest made without requiring plaintiff to give bond, and that the arrest is invalid if plaintiff has not given the bond required by the statute.

It was error to reject defendants' plea of duress, and it necessarily follows that it was error to exclude defendants' evidence, offered to show that no affidavit or bond had been filed as a basis for the clerk's issuing the order of arrest. The judgment is reversed, the verdict of the jury set aside, and the case remanded for a new trial, with leave to plaintiff to amend its declaration.

*Reversed and Remanded.*

---

# CHARLESTON

KELLER v. GROCERY CO.

Submitted March 11, 1914.    Decided April 28, 1914.

ARREST—*Civil Arrest—Bond—Motion to Quash.*

> After judgment has been recovered against him, a debtor may move to quash the bond given to procure his release from arrest, on the ground that it was executed under duress, and will be permitted to prove that the order of arrest was unlawful because it was made without the affidavit and bond required by secs. 30 and 31, Ch. 106, serial sections 4484 and 4485, Code 1913.

Error to Circuit Court, Taylor County.

Action by Irvin B. Keller against the Pugh & Beaver's

Grocery Company. Judgment for defendant, and plaintiff appeals.

*Reversed and Remanded.*

*John L. Hechmer,* for plaintiff in error.
*A. W. Burdett,* for defendant in error.

WILLIAMS, JUDGE:

This is a proceeding by motion, pursuant to section 35, chapter 106, serial section 4489, Code 1913, to quash a bond executed by plaintiff to procure his discharge from arrest made upon an order issued by the clerk of the circuit court of Taylor county under section 31 of said chapter, in an action therein pending against him. The motion to quash is made on the ground that the plaintiff in that action, who is the defendant in this, had not filed the affidavit and bond required by sections 30 and 31 of said chapter. The court dismissed plaintiff's motion on the apparent ground that judgment had been recovered against him in the action in which the bond had been given and, therefore, his motion to quash it came too late. The judgment is quite distinct from the order of arrest and the bond for release, notwithstanding the purpose of the arrest was to secure the payment of the judgment, and the validity of the bond depends not alone upon the recovery of a judgment, but also upon the lawfulness of the arrest. Hence, by suffering a judgment against him the debtor did not waive his right to contest the validity of the bond. If affidavit and bond were not filed by the creditor, as required by sections 30 and 31, chapter 106, serial sections 4484 and 4485, Code 1913, there was want of jurisdiction to issue the order of arrest and the arrest was unlawful; and, if the bond to secure the debtor's release was executed under duress of unlawful arrest, he had a right to move to quash it even after judgment had been recovered against him. The reasons given in the opinion handed down at the present term in the case of *State ex rel.* v. *Keller et al.,* for reversing the judgment in that case, apply as well in this case, so far as they relate to matters affecting the validity of the bond sought to be quashed by this proceeding.

The judgment overruling plaintiff's motion and dismissing the proceeding is reversed, and the case is remanded for further proceedings.

*Reversed and Remanded.*

---

# CHARLESTON

NEWMAN *et al.* v. LEVI *et al.*

Submitted February 25, 1914.    Decided April 28, 1914.

1. ASSUMPSIT, ACTION OF—*Recovery of Attorney's Fees—Common Counts.*

    Fees for services rendered by an attorney-at-law in a suit or legal proceeding may be recovered upon the common counts in an action of assumpsit against his client.    (p. 225).

2. PLEADING—*Bill of Particulars—Sufficiency.*

    A bill of particulars filed with the declaration in such action, giving date of the services, the suit or proceeding in which they were rendered and the sum charged for the entire services is sufficient.    (p. 224).

3. TENDER—*Effect—Admissions.*

    A debtor who appears to the action and tenders a certain sum in satisfaction of the creditor's claim thereby admits every fact which plaintiff would have to prove to entitle him to a judgment for the amount tendered.    (p. 226).

Error to Circuit Court, Ohio County.

Action by Charles C. Newman and others against David Levi and others.    Judgment for plaintiffs, and defendants bring error.

*Affirmed.*

*John A. Howard* and *McCamic & Clarke,* for plaintiffs in error.

*J. B. Handlan,* for defendants in error.

WILLIAMS, JUDGE:

This writ of error was awarded defendants to a judgment for $9,500, in an action of assumpsit by Chas. C. Newman, Martin Brown and John J. Coniff for the value of professional